# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JE HYUK LEE, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO._____ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| AURA ENTERPRISES, INC. and | ) | |
| KANG S. CHOI, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Je Hyuk Lee, by and through his counsel, Brian Kim, Leon and Kim, LLC, files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Je Hyuk Lee ("Lee"), the named Plaintiff in this action, is an individual and resides in the state of Georgia, County of Gwinnett, which is located in the Northern District of Georgia.

3.

Defendant Aura Enterprises, Inc. ("Aura Enterprises") is a corporation, and, at all times relevant hereto, maintained offices in the State of Georgia, transacting regular, not isolated, acts of business in the Northern District of Georgia.

4.

Aura Enterprises can be served by delivering a copy of summons and complaint to its registered agent, Ju Young Park, at 3211 Oakcliff Ind. St., Doraville, Georgia 30340.

5.

Aura Enterprises is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

6.

Defendant Aura is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

7.

Defendant Aura was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.

8.

Defendant Kang S. Choi ("Choi"), an individual, can be served by delivering a copy of summons and complaint to him at 7575 Ponce De Leon Cir. #J, Doraville, GA 30340.

9.

The Defendant Choi is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

10.

Defendant Choi was involved in the day-to-day operation and has substantial operational control over Defendant Aura, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

11.

Defendant Choi exerts substantial control over Defendant Aura in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

12.

Defendant Choi has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Aura in the same capacity as the Plaintiff.

13.

Defendant Choi controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Aura in the same capacity as the Plaintiff.

14.

Defendant Choi determines the rate and method of payment for employees including without limitation, individuals employed by Defendant Aura in the same capacity as the Plaintiff.

15.

At all times relevant to this action, Defendant Choi oversaw and had the responsibility for maintaining employment records including, without limitation,

employment records of individuals employed by Defendant Aura in the same capacity as the Plaintiff.

16.

The Defendant Choi is and was at all times relevant to this action the owner of Defendant Aura, and acted directly or indirectly as Plaintiff's employer.

17.

Defendant Choi is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

18.

Defendant Choi was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.

## **Jurisdiction**

19.

Jurisdiction over this action is conferred upon this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

20.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in DeKalb County, Georgia, which is within this judicial District.

## Fact

21.

Plaintiff is a former employee of Defendants.

22.

From July 29, 2013 to June 26, 2016, Plaintiff was employed by Defendant Aura at 7575 Ponce De Leon Cir. #J, Atlanta, GA 30340.

23.

Based on information and belief, Defendant Choi has an ownership interest in Defendant Aura.

24.

Throughout Plaintiff's employment with Defendants, Plaintiff was employed as a general clerk.

25.

Plaintiff's primary duties included cashier and stocking.

26.

Plaintiff did not possess any authority to hire or fire any of Defendants' employees. Plaintiff was never given an opportunity to recommend any promotion, hiring, or firing any of Defendants' other employees.

27.

Plaintiff did not possess authority to exercise discretion and independent judgment with respect to matters significant to any of the Defendants.

28.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

29.

Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff at a rate of annual salary of $30,000.00 in 2013, $33,000.00 in 2014, and $36,000.00 in 2015 and $36,000.00 in 2016.

30.

Plaintiff's salary was intended to compensate forty (40) hours of work per week.

31.

During the relevant time hereto, Plaintiff worked thirteen (13) hours of overtime per week, that is, the hours he worked in addition to his normal forty (40) hours per week.

32.

While employed by Defendants, Plaintiff's work schedule was controlled by Defendants.

33.

Defendants required Plaintiff to consistently work more than forty (40) hours per week.

34.

Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given workweek.

35.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

36.

Throughout Plaintiff's employment with Defendants, Defendants provided lunch and the value of the lunch is about $8.00 per day.

37.

Throughout Plaintiff's employment with Defendants, Plaintiff was required to report to work every weekday and every other Sundays.

38.

During weekdays, Plaintiff was required to work from 8:30 A.M. to 6:30 P.M., and Plaintiff satisfied said requirement.

39.

During Sundays, Plaintiff was required to work from 9:30 A.M. to 5:00 P.M., and Plaintiff satisfied said requirement.

40.

Throughout Plaintiff's employment with Defendants, Plaintiff's lunch hour was 30 minutes per day.

## CLAIM FOR RELIEF

### Violation of FAIR LABOR STANDARD ACT (FLSA)

41.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its Complaint as if set forth fully herein.

42.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

43.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times their regular hourly rate of pay for their overtime work.

44.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

45.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

46.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $42,240.00.

47.

The Defendants' willful violation of the FLSA shows a reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

48.

Defendants, jointly and severally, owe the Plaintiff overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

49.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;
2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;
3. Judgment in favor of Plaintiff Lee against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff Lee against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff Lee against Defendants, jointly and severally, for unpaid wages together with reasonable attorney fees for Defendants' breach of contract;

6. Judgment in favor of Plaintiff Lee against Defendant, jointly and severally, for all taxable and non-taxable costs;

7. Such other, further and different relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury on all issues so triable.

This 23th day of May, 2016.

Leon and Kim, LLC

By: */s/ Brian G. Kim*
Brian G Kim
Georgia. Bar No. 479330
Alabama Bar No. 1288R67G

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  678.878.4208
E-Mail: Brian@leonandkim.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JE HYUK LEE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.**_____ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **AURA ENTERPRISES, INC. and** | ) | |
| **KANG S. CHOI,** | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

This 23th day of May, 2016.

                                                          Respectfully submitted,

                                                          Leon & Kim, LLC

                                                          By: */s/ Brian G. Kim*
                                                          Brian G Kim
                                                          Georgia. Bar No. 479330

1815 Satellite Blvd. #303                  Alabama Bar No. 1288R67G
Duluth, GA 30097
Telephone: 678.878.4200

Facsimile:  678.878.4208
E-Mail: Brian@leonandkim.com